FIFTH THIRD BANK OF WESTERN OHIO, Appellant,

v.

FREUND, Appellee.

[Cite as *Fifth Third Bank of W. Ohio v. Freund* (1996), 113 Ohio App.3d 164.]

Court of Appeals of Ohio,
Third District, Hardin County.

No. 15–96–2.

Decided July 30, 1996.

*John E. Fulker,* for appellant.

*David W. Zoll,* for appellee.

EVANS, Judge.

This is an appeal from a judgment of the Court of Common Pleas of Van Wert County dismissing the complaint of Fifth Third Bank of Western Ohio ("appellant") for a money judgment plus interest and processing charges to recover the funds paid to appellee in exchange for coupons detached from pollution control bonds, and granting judgment in favor of Elmer Freund, appellee.

In 1994 appellee was the owner of certain bearer bonds issued by the state of Ohio by and through the Ohio Air Quality Development Authority. Fifth Third Bank of Cincinnati was designated as transfer agent for the bonds, so appellee called the transfer agent to ask if the coupons had value. Appellee was advised that the coupons did have value and could be redeemed at any Fifth Third Bank. In accordance with these instructions appellee took sixty-four coupons to appellant's Lima branch office and in exchange for the coupons received a cashier's check in the amount of $13,400. Appellant later exchanged four more coupons at the same branch bank for a check in the amount of $837.52. In due course all of these coupons were dishonored by the obligor and returned by the Federal Reserve Bank of Cleveland to the Lima branch of appellant bank. Appellant in turn made claim against appellee in the amount of $15,747.59, the amount paid out in exchange for the coupons plus $975 in processing charges assessed by the Federal Reserve Bank.

In the trial court appellant argued that appellee had submitted the coupons to the bank for collection, and for that reason R.C. Chapter 1304 contained the applicable law and that, specifically, R.C. 1304.17 applied. Appellee on the other hand argued that since the bonds and coupons in question were investment securities the applicable law could be found in R.C. Chapter 1308. Furthermore, appellee argued that since he had not breached any of the warranties found in R.C. 1308.21, appellant has no recourse against him.

The case was submitted to the Court of Common Pleas of Van Wert County for decision on a stipulation of facts essentially as set forth above. In deciding the case the trial court made findings of fact and drew the following inferences from the stipulated facts:

"The evidence herein fails to establish either that the defendant had an account with the plaintiff, or that there was any agreement to accept these items for 'collection.' In fact, the reasonable inferences from the evidence would suggest that there was no agreement to collect the items. The evidence establishes that the interest coupons were sold to the bank without endorsement; that settlement for the items was made immediately by a cashier's check which the defendant cashed; and the evidence further fails to establish that there was any 'provisional settlement.'"

Based on those facts and inferences, the court came to the following conclusion:

"The court therefore concludes that the plaintiff has failed to establish that the transaction herein was a 'collection' with a 'customer,' and that further the items presented herein were securities governed by R.C. Chapter 1308.

"It is therefore ORDERED, ADJUDGED and DECREED that judgment is hereby awarded to the defendant and the plaintiff's complaint is dismissed. Costs are to be assessed to the plaintiff."

On appeal, the following assignments of error are raised:

"The trial court erred in its determination that plaintiff-appellant's transaction with defendant-appellee was not a 'collection' for a 'customer' governed by Chapter 1304 of the Revised Code of Ohio.

"The trial court erred in its determination that rights available to plaintiff-appellant bank under Chapter 1304 of the Ohio Revised Code exist only prior to final settlement with its customer.

"The trial court erred in its determination that defendant-appellee's interest coupons were certificated securities governed by Chapter 1308 of the Revised Code of Ohio."

██ Appellant's first assignment of error challenges the determination of the trial court that the transaction at issue was not a "collection" for a "customer" and in essence asserts that the decision of the trial court on this point is against the manifest weight of the evidence. As indicated above the parties submitted this case to the trial court on a stipulation of facts. In doing so they also designated the trial court as the trier of fact with the right to draw such reasonable inferences from the stipulated facts as might be necessary to decide the case. The stipulated facts did not establish that appellee had an account with appellant nor was there any agreement recited in the stipulation that the bank accepted the coupons for collection. The stipulated facts do establish that the coupons were delivered to the bank without endorsement, and settlement for the coupons was immediately made in the form of a certified check. From these

facts the court drew the inference that there was no agreement to collect the money due on the coupons.

5 Ohio Jurisprudence 3d (1978) 191–192, Appellate Review, Section 603, states:

"[I]n determining whether the judgment below is manifestly against the weight of the evidence, every reasonable intendment and every reasonable presumption must be made in favor of the judgment and the finding of facts * * *.

"If the evidence is susceptible of more that one construction, the reviewing court is bound to give it that interpretation which is consistent with the verdict and judgment, most favorable to sustaining the verdict and judgment."

Following this rule we interpret the stipulation as the trial court did and find the inference drawn from the evidence to be reasonable. On that basis we overrule the first assignment of error. Further, since we have sustained the holding of the trial court that the transaction in question was not a collection under R.C. Chapter 1304, the second assignment of error is moot.

The third assignment of error challenges the determination of the trial court that the coupons in question were certificated securities governed by R.C. Chapter 1308. In support of this assignment appellant argues that the coupons cannot be certificated securities because they are not commonly dealt with upon securities exchanges or markets. Furthermore, the coupons are not commonly recognized as a medium for investment. Thus, they do not meet the definition of a certificated security contained in R.C. 1308.01.

There is nothing in the record to support either one of appellant's assertions. As noted in 5 Ohio Jurisprudence 3d (1978) 113, Appellate Review, Section 553: "A state of facts which is repugnant to the judgment below will not be presumed, but on the contrary all reasonable inferences tending to support it will be adopted, and if the record is ambiguous it will be given that construction which is most favorable to the judgment." Since we find no evidence in the record to prove that the coupons in question are not traded on a security exchange and no evidence that the coupons are not a medium of investment we rely on the authority cited above and apply the presumption of correctness to the action of the trial court. The third assignment of error is overruled.

Having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HADLEY, P.J., and THOMAS F. BRYANT, J., concur.